IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Haines,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Get Air LLC, et al.,<br><br>　　　　　　　Defendants. | No. CV-15-00002-TUC-RM (EJM)<br><br>**REPORT AND RECOMMENDATION** |

　　　This personal injury action involves a dispute between the Plaintiff, Blake Haines, and the Defendant companies, Get Air, LLC and Quality Foam & Fiber Products, Inc. Haines was injured while performing a flip at Get Air Tucson, an indoor trampoline park, and is now a quadriplegic. Haines alleges Defendant Get Air, LLC produced a defective employee handbook used by Get Air Tucson, and that Defendant Quality Foam & Fiber Products, Inc. manufactured defective foam blocks that were used at Get Air Tucson. Haines' claims against the Defendant companies are based on negligence, products liability, and implied warranties.

　　　Pending before the Court are Defendant Get Air, LLC's Motion to Dismiss (Doc. 43) and Plaintiff's Motion for Leave to Amend Complaint (Doc. 45). Get Air, LLC argues this case should be dismissed because the Court lacks personal jurisdiction over it and because Plaintiff's Second Amended Complaint fails to state a cause of action against it. (Doc. 43). Plaintiff contends that he has already alleged sufficient facts to

satisfy the Rule 8 pleading standard and to establish that Get Air, LLC had the necessary minimum contacts with Arizona to allow this Court to exercise personal jurisdiction over it. (Doc. 47). Plaintiff requests permission to file a Third Amended Complaint, which he alleges "further identifies, specifies, and clarifies the factual connection Get Air, LLC had with Get Air Tucson's operations and the cause of Plaintiff's injury." *Id.* at 2.

Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned for a Report and Recommendation. (Doc. 25).

The Motions have been fully briefed by the parties, and the Court heard oral arguments on December 3, 2015. For the reasons stated below, the Magistrate Judge recommends that the District Court grant Plaintiff's Motion for Leave to Amend Complaint. The Magistrate Judge further recommends that the Motion to Dismiss be denied as moot.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On September 8, 2013 Haines was at the Get Air Tucson indoor trampoline park and performed a move where he flipped multiple times off of a platform and into a foam pit. (Doc. 12 at 9). Haines "suffered catastrophic injuries from the maneuver, including fractured cervical vertebrae resulting in paralysis." *Id*. Following this incident, Haines filed suit in Pima County Superior Court on September 5, 2014 against the following defendants: Get Air Tucson, Inc.; Get Air Tucson Trampolines, LLC; Get Air Management, Inc.; Get Air, LLC; Trampoline Parks, LLC; Patti Goodell; Jacob Goodell; Kiersten Goodell; Scott Goodell; Alan McEwan Jr.; Val Iverson, individually and as owner or operator of Trampoline Parks, LLC; Jane and/or John Does #s 1-20; ABC Corporations 1-10; XYZ Partnerships 1-10; and ABC Limited Liability Corporations (LLCs) 1-10. (Doc. 6 Ex. 1). Haines alleged claims for negligence, negligent design, negligence in safety standards, negligent supervision, negligent hiring and training of personnel, piercing the corporate veil, and punitive damages. *Id*.

On January 5, 2015, Defendant Get Air Tucson Trampolines, LLC removed the case to this Court, alleging all parties were diverse and the amount in controversy

exceeded $75,000.00. (Doc. 1 at 1–2). Get Air Tucson Trampolines, LLC stated its removal was timely because it was served on December 6, 2014 and 28 U.S.C. § 1446(b) requires removal within 30 days of service. *Id*. at 2–3. Get Air Tucson Trampolines, LLC did not indicate whether any of the other defendants joined or consented to the removal.

On January 13, 2015, Haines filed a Notice of Filing Amended Pleading Pursuant to LRCiv 15.1(b), averring that no defendant had filed an answer to his original Complaint. (Doc. 8). Haines' First Amended Complaint ("FAC") named Alicia Durfee and Scott Hansen as additional defendants, and alleged Durfee was a manager or supervisor at Get Air Tucson, and Hansen was an employee who was acting as a de facto manager at the time of Haines' injury. (Doc. 12 at 5-6).

On January 23, 2015, Haines filed a Motion to Remand to State Court (Doc. 17). Haines alleged two arguments in his motion: One, the federal court lacked subject matter jurisdiction because there was not complete diversity among the parties, and two, removal was procedurally improper because the removing party did not establish unanimity among all served defendants for removal. *Id*. at 1-2. Get Air Tucson Trampolines, LLC and the Goodell, Durfee, and Hansen defendants counter argued that Haines' addition of Hansen and Durfee as parties was a "thinly veiled attempt to avoid federal jurisdiction." (Doc. 19 at 1).

Following oral arguments on the Motion to Remand, the Court granted the Motion on April 15, 2015 and remanded this matter back to Pima County Superior Court. (Doc. 31). The Court concluded that the case was improperly removed to federal court because all properly served defendants had failed to join or consent to the removal, and because Haines properly added Hansen and Durfee as defendants in his FAC, which destroyed the Court's diversity jurisdiction.

Following remand, the Plaintiff and several defendants entered into a settlement agreement. The Superior Court then dismissed the defendants who were parties to the settlement agreement, leaving two remaining defendants: Get Air, LLC and Quality Foam & Fiber Products, Inc. (Doc. 32 Ex. 3).

On June 12, 2015 Defendant Get Air, LLC removed this matter to federal court, alleging that all parties are diverse due to the Superior Court's dismissal of the non-diverse defendants, and that the amount in controversy exceeds $75,000.00. (Doc. 32 at 1–2). Defendant Quality Foam & Fiber Products, Inc. filed a notice consenting to and joining in the notice of removal. (Doc. 35). On July 2, 2015, the Court issued an order directing the Clerk to reopen the case and to recognize Plaintiff's Second Amended Complaint ("SAC") (filed in Superior Court) as the operative complaint in this matter. (Doc. 39).

On July 30, 2015 Defendant Get Air, LLC filed a Motion to Dismiss for lack of personal jurisdiction and failure to state a cause of action pursuant to Fed.R.Civ.P. 8 and Rule 12(b). (Doc. 43). Get Air, LLC argues the Court may not exercise personal jurisdiction over it because it has not engaged in any business in Arizona, and because there are no facts supporting general or specific personal jurisdiction over it. Get Air, LLC also argues the SAC fails to allege a cause of action against it or to plead any plausible claims against Get Air, LLC. Plaintiff contends that his SAC pleads sufficient facts to satisfy the Rule 8 pleading standard, and that his proposed Third Amended Complaint ("TAC") "further identifies, specifies, and clarifies the factual connection Get Air, LLC had with Get Air Tucson's operations and the cause of Plaintiff's injury." (Doc. 47 at 2).

On August 25, 2015 Plaintiff filed a Motion for Leave to Amend Complaint. (Doc. 45). Plaintiff requests this Court allow him to file a TAC to add and clarify allegations specific to Defendant Get Air, LLC, and to add Pacific Urethanes, LLC as a products liability defendant. Defendant Get Air, LLC contends that the proposed TAC fails to allege any cause of action against it, and that Plaintiff's "Motion has apparently been filed as a part of Plaintiff's attempt to avoid the dismissal of his action." (Doc. 55 at 1).

## II. MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Rule 15(a)(2), Fed.R.Civ.P., a party may amend after a responsive pleading has been served only with the opposing party's written consent or leave of the

court. "The Court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). There is generally a strong presumption in favor of granting a party leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "In exercising its discretion with regard to the amendment of pleadings, 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.' . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted).

In determining the propriety of a motion for leave to amend, the Court considers five factors: (1) bad faith on the part of the moving party; (2) undue delay; (3) prejudice to the non-moving party; (4) whether the moving party has previously amended his complaint; and (5) the apparent futility of any proposed amendment. *Manzarek v. St. Paul Fire & Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008); *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The Ninth Circuit has instructed that this "determination should generally be performed with all inferences in favor of granting the motion." *Griggs v. Pace Amer. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Significantly, '[t]he party opposing amendments bears the burden of showing prejudice,' futility, or one of the other permissible reasons for denying a motion to amend." *Farina v. Compusware Corp.*, 256 F.Supp.2d 1033, 1060 (D. Ariz. 2003) (*quoting DCD Programs*, 833 F.2d at 187).

Here, Plaintiff moves the Court for permission to file a TAC to make the following changes: "1. Add and clarify allegations specific to Defendant Get Air, LLC. so as to conform the Complaint to recently discovered evidence; and 2. Add as a party-defendant, Pacific Urethanes, LLC, a California Limited Liability Company as a Products Liability defendant." (Doc. 45 at 1). The recently discovered evidence is the Get Air, LLC Employee Handbook, which Get Air, LLC included as an attachment to its Motion to Dismiss. Plaintiff states that this handbook is important because:

> One of Plaintiff's central theories of liability is the lack or deficiency of safety rules, policies, and procedures from the

> local trampoline facility to its customers, such as Plaintiff. The Handbook contains training instructions to the employees on safety rules and policies for the customers. Its itemized list of safety rules is quite specific. It instructs the employees that these rules should be relayed to the customers, it instructs them on how to do that, and how to enforce these rules. Although the list of rules is quite specific, one glaring omission from that list is the very maneuver attempted by Plaintiff (a double or triple flip). It is not included in the Handbook's list of safety rules and prohibited maneuvers.

*Id*. at 4. Plaintiff alleges that Get Air, LLC developed and supplied the handbook to Get Air Tucson, and that "[t]he Handbook provides a critical link between this Utah defendant, the trampoline facility in Tucson, and Plaintiff." *Id*. at 5. Plaintiff further contends that he was not aware of the handbook when he filed suit in September 2014, and now that he has a copy of it, "Plaintiff has a better understanding of the role Defendant Get Air, LLC had in contributing to the cause of Plaintiff's injury. As such, Plaintiff has been apprised of the facts (or at least some of the essential facts) necessary to make clearer and more specific allegations against Defendant Get Air, LLC." *Id*.

As to Plaintiff's request to add Pacific Urethanes, LLC as a products liability defendant, Plaintiff explains that when he filed his SAC, the purpose of that amendment was to add a products liability cause of action against Quality Foam & Fiber Products, Inc. "The central issue of the Products Liability cause of action is the sufficiency of the material used for the foam blocks that were meant to protect customers such as Plaintiff from harm as they jumped into the foam pit." (Doc. 45 at 5). Plaintiff states that he did not learn that Pacific Urethanes, LLC was the company who actually manufactured the foam material until recently, when the parties were conferring for the Rule 16 scheduling conference held in this case on August 25, 2015. Thus, Plaintiff now wants to add Pacific Urethanes, LLC as a defendant and the party responsible for manufacturing the foam, while Quality Foam & Fiber Products is the party that cut the foam into blocks. Get Air, LLC does not oppose Plaintiff's request to add Pacific Urethanes, LLC.

### A. Bad Faith

There is no evidence Plaintiff has acted in bad faith, nor does Get Air, LLC allege

bad faith. This factor therefore weighs in favor of granting leave to amend. *See DCD Programs, Ltd.*, 833 F.2d at 187 ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith.").

### B. Undue Delay

There is also no evidence that Plaintiff has acted with undue delay, nor does Get Air, LLC argue this point. The Get Air, LLC employee handbook was only disclosed in Defendant Get Air, LLC's Motion to Dismiss on July 30, 2015. Shortly thereafter, Plaintiff filed his Motion to Amend on August 25, 2015. The less than thirty day period that elapsed between disclosure of the handbook and Plaintiff's request to amend his complaint based on information gleaned from the handbook does not suggest undue delay. Likewise, there also appears to be no delay on Plaintiff's part in requesting to add Pacific Urethanes, LLC as a defendant, when Plaintiff only recently learned that Pacific Urethanes, LLC was the manufacturer of the foam blocks. Thus this factor weighs in favor of granting leave to amend.

### C. Prejudice to Get Air, LLC

Prejudice to the opposing party should carry the greatest weight in a court's analysis of whether to allow amendment. *See Eminence Capital,* 316 F.3d at 1052. Prejudice can exist where the amendment (1) advances new factual allegations such that additional discovery is required, (2) contradicts previous admissions, or (3) adds new legal theories late in the litigation. *Id*.; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Prejudice can also exist where amendment nullifies prior discovery or requires the parties to re-litigate a claim. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Here, Get Air, LLC does not argue that it will be prejudiced if amendment is allowed. This case is still in the early stages, and allowing amendment will not require substantial additional discovery or cause delay. This factor therefore weighs in favor of amendment.

. . .

### D. Prior Amendment

Plaintiff has already filed two prior amendments. The first amendment, allowed by this Court, added a number of individual defendants, which destroyed this Court's diversity jurisdiction. Those defendants were later dismissed by the Superior Court after Plaintiff settled with them. Plaintiff filed his SAC in Superior Court, and the purpose of that amendment was to add a products liability cause of action against Quality Foam & Fiber. While the fact that Plaintiff has already filed several amendments might seem to weigh against granting leave to file a TAC, Plaintiff has explained that he only recently became aware of Pacific Urethanes, LLC's identity as the manufacturer of the foam blocks, and only recently received a copy of the employee handbook. Accordingly, this factor weighs in favor of amendment.

### E. Futility

Amended pleadings that would clearly not prevail or improve the position of a party are rejected as futile. *Foman v. Davis*, 371 U.S. 178 (1962). To determine whether an amendment is futile, the Court uses the same standard as it would when considering a 12(b)(6) motion to dismiss. *Farina*, 256 F.Supp.2d at 1060. "Under this standard, a court may not deny a motion to amend for futility 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" *Farina*, 256 F.Supp.2d at 1061 (*quoting Barnett v. Centoni*, 31 F.3d 813, 813 (9th Cir. 1994)). Thus, a proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1990).

Get Air, LLC does not specifically state that amendment would be futile, but focuses its Response on arguing that Plaintiff's TAC fails to plead that Get Air, LLC was part of a joint venture, and that Get Air, LLC had no duty to Plaintiff regarding the promulgation and dissemination of safety rules.[1] Plaintiff submits that these arguments

---

[1] Get Air, LLC raises the issue of personal jurisdiction in its Motion to Dismiss the SAC, but does not raise this issue in its Response to the Motion for Leave to Amend Complaint.

- 8 -

and legal issues are misplaced in a response to a motion to amend, and that the Court should liberally allow amendment, absent a showing of prejudice or futility. (Doc. 65 at 3). Further, at oral arguments, Plaintiff's counsel clarified that he is not pleading Get Air, LLC is part of joint venture, but rather that he uses the term "Get Air Venture" to refer to the network or family of related businesses in Utah connected by Val Iverson.

The undersigned finds that at this early juncture and in conjunction with Plaintiff's Motion for Leave to Amend, it is too early for the Court to rule on whether Get Air, LLC owed Plaintiff a duty and whether it can be held liable to Plaintiff for negligence. These issues are heavily dependent on the particular facts of this case, which must be further developed through discovery.

Taken as true, the allegations in the TAC are sufficient to state a plausible claim against Get Air, LLC. The TAC makes specific allegations against Get Air, LLC, particularly in regard to Get Air, LLC's role in developing safety rules and supplying these safety rules to Get Air Tucson. The TAC also includes sufficient allegations to state a valid claim against Pacific Urethanes, LLC as the manufacturer of the foam blocks that Plaintiff alleges were defective and thus contributed to his injury.

In sum, after consideration of the five factors above, and keeping in mind the Court's duty to "freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), the undersigned recommends that the District Court grant Plaintiff's Motion for Leave to Amend Complaint and allow Plaintiff to file his TAC. The undersigned further recommends that Defendant Get Air, LLC's Motion to Dismiss should be denied as moot, as that motion is directed toward deficiencies in Plaintiff's SAC.

### III. RECOMMENDATION

The Magistrate Judge RECOMMENDS that the District Court GRANT Plaintiff's Motion for Leave to Amend Complaint (Doc. 45).

The Magistrate Judge further RECOMMENDS that the District Court DENY Defendant Get Air, LLC's Motion to Dismiss (Doc. 43) as moot.

. . .
. . .

1     Dated this 7th day of December, 2015.

*[Signature]*

Eric J. Markovich
United States Magistrate Judge