IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Haines,<br><br>                       Plaintiff,<br><br>v.<br><br>Get Air Tucson Incorporated, et al.,<br><br>                      Defendants. | No. CV-15-00002-TUC-RM<br><br>**ORDER** |

Pending before the Court is Defendant Get Air LLC's Motion to Dismiss (Doc. 43) and Plaintiff's Motion to Amend (Doc. 45). On December 7, 2015, Magistrate Judge Eric J. Markovich issued a Report and Recommendation (Doc. 71), recommending that this Court grant Plaintiff's Motion to Amend and deny Defendant's Motion to Dismiss as moot. Get Air, LLC filed an Objection to the Report and Recommendation on December 21, 2015 (Doc. 73). Plaintiff filed a Response to the Objection on January 15, 2016 (Doc. 77).

**I.  Background**

Plaintiff Blake Haines alleges that he was seriously injured at a trampoline park in Tucson, Arizona. He filed his original Complaint in the Pima County Superior Court on September 5, 2014. (Doc. 6). Get Air, LLC removed the case to this Court on June 11, 2015. (Doc. 32).[1]  On June 19, 2015, Plaintiff filed a Second Amended Complaint

---

[1] The case was originally removed to this Court on January 5, 2015 (Doc. 1), but it was remanded to the Pima County Superior Court after Plaintiff filed an Amended Complaint adding two non-diverse defendants. Get Air, LLC again removed the case

("SAC") (Doc. 36).  Get Air, LLC moved to dismiss the SAC for lack of personal jurisdiction and for failure to state a claim.

In its Motion to Dismiss (Doc. 43), Get Air, LLC argues that this Court lacks personal jurisdiction over it because it is a Utah limited liability company whose sole business is the operation of a trampoline park in Roy, Utah; it has not conducted any business whatsoever in Arizona; and it was not involved in the design, construction, or operation of the Get Air Tucson trampoline park at which Plaintiff was allegedly injured. Get Air, LLC acknowledges in its Motion that there is evidence that the operators of the Get Air Tucson trampoline park adopted and used Get Air, LLC's employee manual (which contains safety rules – *see* Doc 43, Ex. 2 to Iverson Affidavit), but it argues that there is no evidence that any member of Get Air, LLC intended that the employee manual be adopted and used by Get Air Tucson.  Get Air, LLC supports its personal jurisdiction argument with affidavits from Val Iverson, managing member of Get Air LLC, and Jacob Goodell, managing member of Get Air Tucson Trampolines, LLC.  Get Air, LLC also argues in its Motion to Dismiss that Plaintiff's SAC should be dismissed for failure to state a claim, because the SAC makes no specific factual allegations regarding Get Air, LLC.

Plaintiff filed an Opposition to Get Air, LLC's Motion to Dismiss, arguing that his SAC alleges sufficient facts to state a cause of action against Get Air, LLC, as well as to establish the necessary minimum contacts with Arizona to establish specific personal jurisdiction.  Plaintiff attached several exhibits to his Opposition, including an affidavit, Get Air, LLC's employee manual, and exhibits showing Val Iverson to be a registered principal of Get Air Tucson Trampolines, LLC.  In addition to opposing Get Air, LLC's Motion to Dismiss, Plaintiff moved for leave to file a Third Amended Complaint ("TAC") (Doc. 45).  The proposed TAC includes new allegations related to Get Air, LLC, including the allegation that Get Air, LLC supplied deficient and defective safety

---

after a settlement resulted in the dismissal of various defendants, including the two non-diverse defendants.

- 2 -

rules, standards, guidelines, policies, and procedures to Get Air Tucson for use in the trampoline park at which Plaintiff was allegedly injured.[2]  Get Air, LLC, filed an Opposition to Plaintiff's Motion to Amend, arguing that the proposed TAC fails to allege a cause of action against Get Air, LLC.

Judge Markovich's Report and Recommendation analyzes the factors used to determine the propriety of granting leave to amend and finds that they weigh in favor of allowing Plaintiff to file his TAC. With respect to the fifth factor, futility of amendment, the Report recommends finding that the allegations of Plaintiff's TAC, taken as true, are sufficient to state a plausible claim against Get Air, LLC, because the TAC alleges that Get Air, LLC developed deficient safety rules and supplied them to Get Air Tucson. Accordingly, the Report recommends that Plaintiff's Motion to Amend be granted. The Report further recommends that Defendant's Motion to Dismiss be denied as moot, as it was directed to deficiencies in the SAC rather than the TAC.

In its Objection, Get Air, LLC argues that the Report and Recommendation ignores the pending Motion to Dismiss for lack of personal jurisdiction. In its Response to the Objection, Plaintiff notes that Get Air, LLC's Motion to Dismiss challenges personal jurisdiction relative to the SAC, rather than the TAC, and thus it is appropriate to deny the Motion to Dismiss as moot. Plaintiff further argues that he has presented sufficient evidence to establish a prima facie case of personal jurisdiction against Get Air, LLC.

**II.  Standard of Review**

The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note

---

[2] The proposed TAC also adds a product liability defendant, Pacific Urethanes, as well as allegations specific to that defendant.

to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

**III.    Analysis**

No objection has been made with respect to the Report's recommendation that this Court grant Plaintiff's Motion for Leave to Amend Complaint.  Further, no objection has been made with respect to the Report's recommendation that this Court deny as moot the portion of Get Air, LLC's Motion to Dismiss seeking dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  The Court has reviewed the unobjected-to portions of the Report and Recommendation for clear error.  After careful examination of the Report and Recommendation, the underlying briefs, and the record, the Court finds no clear error in the unobjected-to-portions of the Report and Recommendation.  Accordingly, the Court will adopt the recommendations to grant Plaintiff's Motion for Leave to Amend Complaint and to deny as moot Get Air, LLC's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim.

Because Get Air, LLC objects to the portion of the Report that recommends denying as moot Defendant's Motion to Dismiss for lack of personal jurisdiction, the Court has conducted a de novo review of that portion of the Report and Recommendation.  The defenses delineated in Rule 12(b) of the Federal Rules of Civil Procedure, including the defense of lack of personal jurisdiction, are asserted in response to a specific pleading.  In the present case, Get Air, LLC argued against personal jurisdiction in its Motion to Dismiss Plaintiff's SAC.  Because the Motion to Dismiss was specifically "directed at Plaintiff's Second Amended Complaint," (Doc. 55 at 1), the Motion is rendered moot by the Court's decision to grant leave for Plaintiff to file a TAC.

In its Objections to the Report and Recommendation, Get Air, LLC argues that, "[w]hile amendment of the Complaint may arguably cure defects in Plaintiff's pleadings

- 4 -

against Get Air, LLC, changing the Complaint's allegations does not establish facts necessary for this Court to exercise jurisdiction over Get Air, LLC." (Doc. 73 at 3.) Get Air, LLC could have raised this argument in opposition to Plaintiff's Motion to Amend, as the argument relates to whether amendment would be futile. However, as noted in the Report and Recommendation, Get Air, LLC did not raise the issue of personal jurisdiction in its Opposition to Plaintiff's Motion to Amend (and, in fact, did not specifically state that amendment would be futile).

To the extent that Get Air, LLC is arguing that its Motion to Dismiss Plaintiff's SAC for lack of personal jurisdiction is not rendered moot by granting Plaintiff leave to file a TAC because Plaintiff cannot prove personal jurisdiction merely through the allegations of a complaint, this argument fails. Though the "mere allegations of a complaint" are insufficient to establish personal jurisdiction over a non-resident defendant when the allegations are "contradicted by affidavits," *Chem Lab Prods., Inc. v. Stepanek*, 554 F.2d 371, 372 (9th Cir. 1977) (per curiam), "uncontroverted allegations in the complaint must be taken as true" in evaluating a challenge to personal jurisdiction, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff's TAC contains new allegations relevant to the issue of whether this Court may exercise specific personal jurisdiction over Get Air, LLC. If Get Air, LLC wishes to argue that these new allegations are contradicted by affidavits, or are otherwise insufficient to establish specific personal jurisdiction, it may do so in a motion to dismiss the TAC.[3]

**IT IS ORDERED** that Magistrate Judge Markovich's Report and Recommendation (Doc. 71) is **accepted and adopted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 45) is **granted**. Within **seven (7) days** of the date this Order is filed, Plaintiff shall file his Third Amended Complaint.

---

[3] Because it appears that the parties have identified conflicting evidence relevant to the issue of specific personal jurisdiction, the Court notes that, on a motion to dismiss for lack of personal jurisdiction, all factual disputes must be resolved in the plaintiff's favor. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

**IT IS FURTHER ORDERED** that Defendant Get Air, LLC's Motion to Dismiss (Doc. 43) is **denied as moot**.

**IT IS FURTHER ORDERED** that this case remains referred to Magistrate Judge Eric J. Markovich for pretrial proceedings and report and recommendation, in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and 72.2.

Dated this 5th day of February, 2016.

_____
Honorable Rosemary Marquez
United States District Judge