1    WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Blake Haines,                          No. CV-15-00002-TUC-RM (EJM)

10              Plaintiff,                   **ORDER**

11   v.

12   Get Air LLC, et al.,

13              Defendants.

14

15

16        Pending before the Court is Defendant Pacific Urethanes, LLC's ("Pacific")

17   Motion to Dismiss Plaintiff's Third Amended Complaint. (Doc. 103). Pacific argues that

18   the Court lacks both specific and general personal jurisdiction over it because it did not

19   purposefully direct its business activities at Arizona, nor does it have a systematic and

20   continuous presence in the state. In lieu of filing a response, Plaintiff filed a Motion for

21   Leave to Conduct Limited Jurisdictional Discovery Re: Defendant Pacific Urethanes,

22   LLC's Motion to Dismiss. (Doc. 107).

23        "The party seeking to invoke the court's jurisdiction bears the burden of

24   establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)

25   (citing *Data Disc, Inc. v. Systems Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).

26   "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is

27   'obligated to come forward with facts, by affidavit or otherwise, supporting personal

28   jurisdiction.'" *Id.* (quoting *Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784,

787 (9th Cir. 1977)); *see also Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "If the district court decides the motion without an evidentiary hearing . . . 'then the plaintiff need only make a prima facie showing of the jurisdictional facts.'" *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). "Uncontroverted allegations in the plaintiff's complaint must be taken as true" and "'[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor.'" *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). However, "[t]he mere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction over a nonresident defendant." *Chem Lab Products, Inc. v. Stepanek*, 554 F.2d 371, 372 (9th Cir. 1977) (citing *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967)).

"A court may permit discovery to aid in determining whether it has in personam jurisdiction." *Data Tech*, 557 F.2d at 1285 n. 1 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). "'[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery . . .'" *Terracom v. Valley Nat.* Bank, 49 F.3d 555, 562 (9th Cir. 1995) (quoting *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988)). However, "[d]iscovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Data Disc*, 557 F.2d at 1285 n. 1.

Here, Plaintiff contends that he needs additional time to conduct limited jurisdictional discovery before responding to Pacific's motion to dismiss. Plaintiff states that his products liability claim against Pacific is based on Pacific's alleged manufacturing of defective foam that was used in the foam pit at Get Air Tucson. Plaintiff further states that, based on Quality Foam & Fiber Products, Inc.'s initial disclosure, "it seems that the order for the foam blocks was made by Val Iverson, the

1   owner of the Get Air venture, to or through Quality, and that Quality then contracted with

2   Pacific for the foam material." (Doc. 107 at 3). Plaintiff urges the Court to allow him

3   time "to conduct discovery aimed specifically at the contentions contained in Mr.

4   Nance's [the president of Pacific] affidavit," wherein Mr. Nance alleges that Pacific has

5   had limited business dealings with Arizona and had no knowledge that its foam was

6   going to be used at Get Air Tucson. *Id.* at 4. Plaintiff intends to depose both Mr. Nance

7   and "a representative from Quality who would have the most knowledge about this order

8   for foam blocks made by Val Iverson," and also states that it may be necessary to depose

9   Mr. Iverson, depending on what information is gleaned from the other two depositions.

10  *Id.* at 4–5. In response to Pacific's claims that Plaintiff does not explain what specific

11  jurisdictional facts he needs to discover, Plaintiff states that he will "investigate the

12  business dealings and contact Pacific has had with Arizona, as well as what Pacific (not

13  just Mr. Nance) knew or should have known about the intended use of the foam material

14  it manufactured upon the order of Quality and Mr. Iverson." (Doc. 111 at 6).

15      While the contacts between Pacific and Arizona appear to be attenuated, the Court

16  finds that further discovery should establish one way or another whether the foam

17  produced by Pacific fortuitously made its way to Arizona, or was purposely directed to

18  the state. The Court therefore concludes that limited discovery, narrowly tailored to the

19  issue of Pacific's contacts with Arizona, is appropriate in this case.

20      Accordingly,

21      **IT IS HEREBY ORDERED** granting Plaintiff's Motion for Leave to Conduct

22  Limited Jurisdictional Discovery Re: Defendant Pacific Urethanes, LLC's Motion to

23  Dismiss. (Doc. 107). Plaintiff may depose Mr. Nance, a representative of Quality Foam

24  & Fiber Products, Inc., and Val Iverson. Plaintiff shall have 120 days, up to and including

25  October 10, 2016, to conduct this jurisdictional discovery and file his response to

26  Defendant Pacific Urethanes, LLC's Motion to Dismiss.

27  . . .

28  . . .

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated this 10th day of June, 2016.

Eric J. Markovich
United States Magistrate Judge