WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Haines, | No. CV-15-00002-TUC-RM (EJM) |
|       Plaintiff, | **ORDER** |
| v. | |
| Get Air LLC, et al., | |
|       Defendants. | |

Pending before the Court is Get Air, LLC's Motion to Dismiss, which alleges that that this Court lacks personal jurisdiction because Get Air, LLC has not engaged in any business in Arizona, and because there are no facts supporting general or specific personal jurisdiction.  (Doc. 97).  Specifically, Get Air, LLC argues that the Employee Handbook, upon which Plaintiff relies to establish specific personal jurisdiction, was created by Amy Iverson (an independent contractor for former defendant Trampoline Parks, LLC) and distributed to Get Air Tucson by Trampoline Parks, LLC. *Id.* at 7. In his response, Plaintiff contends that he has made a prima facie showing that the defective Employee Handbook used by Get Air Tucson was created and supplied by Get Air, LLC and as such Get Air, LLC purposefully directed its conduct at Arizona. (Doc. 102 at 14). Alternatively, Plaintiff argues that there remains a factual dispute regarding personal jurisdiction which must be resolved in his favor. *Id.* at 16.

The motion has been fully briefed by the parties, and the Court heard oral

1    arguments on June 6, 2016. For the reasons stated below, the Court will defer ruling on

2    the Motion to Dismiss to allow the parties to conduct further discovery regarding whether

3    Get Air, LLC's jurisdictional contacts with Arizona are sufficient to establish personal

4    jurisdiction in the District of Arizona.

5    **I. LAW**

6         "The party seeking to invoke the court's jurisdiction bears the burden of

7    establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)

8    (citing *Data Disc, Inc. v. Systems Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).

9    Analysis of whether the Court has specific jurisdiction over the nonresident defendant

10   requires a three-pronged test:

> (1) The non-resident defendant must purposefully direct [its]
> activities or consummate some transaction with the forum or
> resident thereof; or perform some act by which [it]
> purposefully avails [itself] of the privilege of conducting
> activities in the forum, thereby invoking the benefits and
> protections of its laws; (2) the claim must be one which arises
> out of or relates to the defendant's forum related activities;
> and (3) the exercise of jurisdiction must comport with fair
> play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.

1987)).[1] "The plaintiff bears the burden of satisfying the first two prongs two of the test."

*Id.* (citation omitted). For tort claims, the court most often utilizes a "purposeful direction

analysis." *Id.* This analysis involves evidence that the defendant's actions outside the

forum state are directed at the forum, such as distribution in the forum state of goods

originating elsewhere. *Id.* at 803 (citation omitted).

---

[1] Get Air, LLC argues that Plaintiff must show that it "purposefully directed its activities such that Get Air, LLC purposefully availed itself of the privilege of conducting business in Arizona." (Doc. 106 at 2) (citing *Bennett v. Pratt Reg'l Med. Ctr.Corp.*, CV-13-00380-PHX-GMS, 2013 WL 6048916, *2 (D. Ariz. 2013) and *Mavrix Photo, Inc. v. Brand Techs., Inc*., 647 F.3d 1218, 1227–1228 (9th Cir. 2011)). Defendant's analysis misquotes case law and incorrectly states the standard. To overcome Defendant's motion to dismiss, Plaintiff only needs to establish that Get Air, LLC either "direct[ed] its activities or consummate[ed] some transaction with the forum or resident thereof; ***or*** perform[ed] some act by which [it] purposefully avail[ed] [itself] of the privilege of conducting activities in the forum . . ." *Bennett,* 2013 WL 6048916 at *2 (emphasis added); *Mavrix*, 647 F.3d at 1227–28 (quoting *Schwarzenegger*, 374 F.3d at 802).

1    "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff
2    is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal
3    jurisdiction.'" *Id.* (quoting *Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784,
4    787 (9th Cir. 1977)); *see also Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir.
5    2006). "If the district court decides the motion without an evidentiary hearing . . . 'then
6    the plaintiff need only make a prima facie showing of the jurisdictional facts.'" *Boschetto*
7    *v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (quoting *Sher v. Johnson*, 911 F.2d
8    1357, 1361 (9th Cir. 1990). "Uncontroverted allegations in the plaintiff's complaint must
9    be taken as true" and "'[c]onflicts between the parties over statements contained in
10   affidavits must be resolved in the plaintiff's favor.'" *Id.* (quoting *Schwarzenegger v. Fred*
11   *Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). However, "[t]he mere allegations
12   of a complaint, when contradicted by affidavits, are not enough to confer personal
13   jurisdiction over a nonresident defendant." *Chem Lab Products, Inc. v. Stepanek*, 554
14   F.2d 371, 372 (9th Cir. 1977) (citing *Taylor v. Portland Paramount Corp.*, 383 F.2d 634,
15   639 (9th Cir. 1967)).

16   "A court may permit discovery to aid in determining whether it has in personam
17   jurisdiction." *Data Disc,* 557 F.2d at 1285 n. 1 (citing *Wells Fargo & Co. v. Wells Fargo*
18   *Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). "'[W]here a plaintiff's claim of
19   personal jurisdiction appears to be both attenuated and based on bare allegations in the
20   face of specific denials made by the defendants, the Court need not permit even limited
21   discovery . . .'" *Terracom v. Valley Nat.* Bank, 49 F.3d 555, 562 (9th Cir. 1995) (quoting
22   *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988)). However, "[d]iscovery
23   may be appropriately granted where pertinent facts bearing on the question of jurisdiction
24   are controverted or where a more satisfactory showing of the facts is necessary." *Data*
25   *Disc*, 557 F.2d at 1285 n. 1.

26   **II. ANALYSIS**

27   Get Air, LLC contends that this Court lacks personal jurisdiction under
28   Fed.R.Civ.P. 12(b)(2) because Get Air, LLC is a Utah limited liability corporation

company whose only business prior to February, 2016 was the operation of a trampoline park (Get Air Roy) in Roy, Utah. (Doc. 97 at 6). Get Air, LLC states that "[g]enerally, it has conducted no business in Arizona and, specifically, it was not involved in the design, construction or operation of the Get Air Tucson trampoline park in any way." *Id.* Get Air, LLC further argues that the Employee Handbook Plaintiff relies on to establish specific personal jurisdiction was not created by any agent of Get Air, LLC and that Get Air, LLC had no knowledge or intention that the Employee Handbook was supplied to Get Air Tucson. *Id.* at 7.

In its first motion to dismiss, Get Air, LLC included affidavits from Val Iverson and Jacob Goodell stating that the Get Air, LLC Employee Handbook was created by Get Air, LLC through its manager Jessica Bybee and used at Get Air Tucson.  (Doc. 43 at 13 ¶11 and at 40 ¶11); (Doc. 102 at 9, n. 3). Get Air, LLC stated that: "[a]lthough there is evidence that the operators of the Get Air Tucson trampoline park adopted and used Get Air Roy's employee manual as the Get Air Tucson employee manual, there is no evidence that any member of Get Air, LLC knew or intended Get Air Tucson would use its employee manual as Get Air Tucson's employee manual." (Doc. 43 at 5).

In its present Motion to Dismiss, Get Air, LLC argues that it did not create the Employee Handbook upon which Plaintiff relies to establish specific jurisdiction. (Doc. 97 at 7). In Val Iverson's new affidavit, he states that "[d]uring [Jessica Bybee's] employment with Get Air, LLC at Get Air Roy, Ms. Bybee's responsibilities . . . would have included use of the Get Air, LLC Employee Handbook [allegedly created by Amy Iverson]." (Doc. 97 at 13 ¶16). Jacob Goodell's most recent affidavit states that "[i]n her capacity as manager of Get Air Roy, Jessica Bybee prepared the original Get Air Roy employee handbook and used the Get Air, LLC Employee Handbook." (Doc. 97 at 21 ¶14).[2]

Get Air, LLC has also produced an affidavit from Amy Iverson, who claims she was an independent contractor for Trampoline Parks, LLC and served as its Director of

---

[2] *See infra* note 4.

Human Resources from autumn 2012–autumn 2013. (Doc. 97–1, at 2 ¶3). Ms. Iverson states that in her capacity as Director of Human Resources for Trampoline Parks she "developed a generic Employee Handbook that could be used at any trampoline park that was operated by a Get Air business entity." *Id.* at ¶7. The affidavit further states:

> This version of the Get Air, LLC Handbook [as opposed to the version used at Get Air Roy] was prepared as a part of my work for Trampoline Parks and, although it is based upon the Get Air Roy employee handbook that was first prepared by the manager [Jessica Bybee] of Get Air Roy, it is not the original Get Air Roy employee handbook.

*Id.* at ¶8. Ms. Iverson states that this new, generic Employee Handbook was provided to personnel at Get Air Tucson "as part of Trampoline Parks' support work." *Id.* at ¶9. Get Air, LLC contends that even though the Employee Handbook is named the "Get Air, LLC Employee Handbook," it was in fact created by Amy Iverson as an agent of Trampoline Parks, is a revised version of the Employee Handbook based on the one created by Jessica Bybee, and has no connection whatsoever to Get Air, LLC.[3]

Because the motion to dismiss is based on written materials—Amy Iverson's affidavit—Plaintiff's burden is to make a prima facie showing of jurisdictional facts by affidavit or otherwise. *Schwarzenegger*, 374 F.3d at 800; *Scott*, 792 F.2d at 927. Plaintiff argues that he has made the necessary showing because "[a]t the very least, there remains a factual dispute, which must be resolved in Plaintiff's favor." (Doc 102 at 16). Much of Plaintiff's Opposition to Defendant Get Air, LLC's Motion to Dismiss is dedicated to identifying and explaining factual discrepancies in the affidavits of Amy Iverson, Val Iverson, and Jacob Goodell. Most notably, Plaintiff explains that:

> [T]he Get Air, LLC Employee Handbook that is attached to Val Iverson's original (July 22, 2015) affidavit is entitled "Get Air, LLC Employee Handbook", and the date on it is May 16, 2013. This is the one both Val Iverson and Jacob

---

[3] Amy Iverson also states that she prepared several PowerPoints and that the "reference to the Employee Handbook in the PowerPoints is to another version of the Employee Handbook and not the Get Air, LLC Handbook." (Doc. 97–1 at 3 ¶11). If Jessica Bybee created the Get Air Roy employee handbook (*id.* at ¶8) and Amy Iverson created the Get Air, LLC handbook (*id.*), it would seem that there is also a *third* version of the handbook—the one cited in the PowerPoints.

Goodell testified in their sworn statements was the one created by Jessica Bybee and used in Tucson. . . . [B]oth of the affidavits supplied by Val Iverson and Jacob Goodell relative to the latest motion . . . still refer to the subject "Get Air LLC Handbook" as the one attached to Val Iverson's original affidavit, and they still refer to that one as the one that Get Air Tucson used as its employee handbook <u>as of August 2013</u>. . . . Get Air, LLC . . . has never produced *any* Employee Handbook *other than* the one referred to by Val Iverson and Jacob Goodell in their original affidavits and attached as an exhibit to the original motion to dismiss.

(Doc. 102 at 9).[4]

Get Air, LLC argues that there is no contradiction between the affidavits included with its first Motion to Dismiss (Doc. 43) and the affidavits attached to its current Motion to Dismiss (Doc. 97): "Consistent with Val Iverson and Jacob Goodell, Amy Iverson confirms that the Get Air, LLC Handbook dated 5/16/13 was based on the Get Air, LLC ("Get Air Roy") employee handbook that was first prepared by the manager of Get Air Roy." (Doc. 106 at 6). Defendant further argues: "[t]he distinction in [Amy Iverson's] affidavit, which makes no difference here, is that she identifies the 5/16/13 Get Air, LLC Employee Handbook as a document revised by her whereas Val Iverson and Jacob Goodell identify it as the handbook prepared by the former Get Air Roy manager." *Id.* Contrary to Defendant's assertion, the distinction does make a difference. If the Handbook was prepared by former Get Air Roy[5] manager Jessica Bybee and sent to Tucson, then there are sufficient minimum contacts for this Court to exercise jurisdiction over Get Air, LLC. However, if Amy Iverson created a revised Employee Handbook and sent it to Get Air Tucson without the knowledge of Get Air, LLC, then there may not be sufficient contacts to support jurisdiction over Get Air, LLC.

In Get Air, LLC's first motion to dismiss, there is no mention of Ms. Iverson or her

---

[4] Plaintiff also notes that "Val Iverson states that Ms. Bybee's employment with Get Air, LLC ended in October, 2012. This date, of course, predates the date on the Handbook [created by Amy Iverson] (May 16, 2013). Yet . . . [Jacob Goodell] states that Ms. Bybee <u>used</u> the very same Get Air, LLC Employee Handbook during her employment." (Doc. 102 at 9 n. 3).

[5] Get Air Roy trampoline park is operated by Get Air, LLC. Get Air, LLC employed Jessica Bybee as the Manager of Get Air Roy. (Doc. 97 at 12 ¶15).

version[6] of the Employee Handbook. Now, for the first time, Get Air, LLC claims that there are multiple versions of the Employee Handbook, though it has failed to produce a copy of the second, revised version allegedly created by Amy Iverson.[7] The Court finds that the introduction of Ms. Iverson's claims in her affidavit warrant discovery to further develop the factual basis of this Court's jurisdiction over Get Air, LLC.

**III. CONCLUSION**

While Plaintiff has not met his burden of making a prima facie showing supporting specific personal jurisdiction, he raises legitimate questions about the validity and consistency of Get Air, LLC's affidavits. The Court therefore concludes that limited discovery into these jurisdictional facts, especially regarding who created the Employee Handbook and who had knowledge of its distribution to Get Air Tucson, is appropriate in this case. Accordingly,

**IT IS HEREBY ORDERED** as follows:

1.  The Court defers ruling on Defendant Get Air LLC's Motion to Dismiss for Lack of Jurisdiction (Doc. 97) so that further jurisdictional discovery may be performed.

2.  The parties shall have up to and including October 10, 2016, to conduct this jurisdictional discovery.

3.  On October 10, 2016, the parties shall each file simultaneous supplemental memoranda, not to exceed ten (10) pages in length (excluding attachments), addressing personal jurisdiction over Get Air, LLC in light of the jurisdictional discovery.

. . .

. . .

. . .

. . .

---

[6] Potentially version(s) of the Employee Handbook. *See supra* note 3.

[7] Defendant has also failed to produce the alleged third version Amy Iverson's PowerPoints cite to. *See supra* note 3.

Dated this 16th day of June, 2016.

Eric J. Markovich
United States Magistrate Judge