IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Haines,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Get Air Tucson Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-15-00002-TUC-RM (EJM)<br><br>**ORDER** |

On February 13, 2017, Magistrate Judge Eric J. Markovich issued a Report and Recommendation (Doc. 158) recommending that this Court deny Defendant Get Air, LLC's second Motion to Dismiss (Doc. 97). Defendant Get Air, LLC objected to the Report and Recommendation (Doc. 164), and Plaintiff responded in opposition (Doc. 170) to Defendant's Objections.

**I.    Background**

Plaintiff Blake Haines alleges that he suffered catastrophic injuries when he performed a multiple-flip maneuver from a trampoline platform into a foam pit at the Get Air Tucson indoor trampoline park. (Doc. 84 at 10, ¶ 69.) He alleges that Get Air, LLC created deficient and defective safety rules applicable to trampoline park customers and supplied those safety rules to Get Air Tucson for use in the Tucson trampoline park. (*Id.* at 6, ¶¶ 37-38.)

Defendant Get Air, LLC filed its first Motion to Dismiss for lack of personal jurisdiction on July 30, 2015. (Doc. 43.) This Court denied that motion as moot after

granting Plaintiff leave to amend his complaint. (Doc. 83.) Plaintiff filed his Third Amended Complaint (Doc. 84) on February 8, 2016.

On March 1, 2016, Get Air, LLC filed the currently pending Motion to Dismiss for lack of personal jurisdiction. (Doc. 97.) After allowing the parties time to conduct limited jurisdictional discovery (*see* Doc. 117), Judge Markovich found that Plaintiff had met his burden of establishing a prima facie showing of specific personal jurisdiction, and accordingly recommended that Get Air, LLC's Motion to Dismiss be denied. (Doc. 158.)

## II. Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition ("[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge).

## III. Discussion

Plaintiff alleges that this Court has specific (as opposed to general) personal jurisdiction over Get Air, LLC. (*See* Doc. 102 at 3.) Judge Markovich accordingly applied the three-prong test for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct [its] activities or consummate some transaction with the forum or resident thereof; or perform some act by which [it] purposefully avails [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

(Doc. 158 at 5-6 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802

(9th Cir. 2004)).)[1]  Get Air, LLC objects only to the factual findings that Judge Markovich made in applying the test.

Judge Markovich held that Plaintiff had identified evidence sufficient to support a finding that Get Air, LLC purposefully directed its activities at Arizona by creating a generic employee handbook with the specific intent that it be used at all then-existing and future Get Air trampoline parks, including Get Air Tucson; that Plaintiff's claims arose out of and relate to Get Air, LLC's contacts with Arizona because they are based on the allegedly defective safety rules contained in the employee handbook; and that this Court's exercise of personal jurisdiction over Get Air, LLC would be reasonable.  In its Objections, Get Air, LLC argues that the Magistrate Judge's Report and Recommendation erroneously describes the deposition testimony of Amy Iverson, Jacob Goodell, Val Iverson, and Jessica Bybee[2] and draws unsupported inferences.  According to Get Air, LLC, Amy Iverson drafted a generic employee handbook to be used at other Get Air trampoline parks, but she drafted it for *Trampoline Parks, LLC* rather than *Get Air, LLC*.

The evidence indicates that Get Air, LLC operated a trampoline park in Roy, Utah but that the Get Air Roy park is now closed, and Get Air, LLC is currently a holding company.  (V. Iverson Dep. at 7:10-19, 19:4-15, 23:14-24:8; J. Goodell Dep. at 15:5-15.)  Trampoline Parks, LLC is a company that designs and constructs trampoline parks nationwide and internationally.  (V. Iverson Dep. at 7:21-25, 18:7-19:3; J. Goodell Dep. at 45:22-24.)  Both companies were originally founded by Val Iverson.  (V. Iverson Dep. at 7:10-15, 21-25.)  In approximately 2013, a company called Get Air Management, LLC

---

[1] As Judge Markovich noted, the due process analysis under Arizona state and federal law is the same, because Arizona's long-arm jurisdictional statute allows this Court to exercise personal jurisdiction to the maximum extent permitted by the United States Constitution.  (*See* Doc. 158 (citing Ariz. R. Civ. P. 4.2(a); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)).)

[2] The deposition testimony of Amy Iverson appears in the record at Doc. 154-1, Doc. 155-2, and Doc. 164-1.  The deposition testimony of Jacob Goodell appears at Doc. 154-5, Doc. 155-3, and Doc. 164-2.  The deposition testimony of Val Iverson appears at Doc. 154-2, Doc. 155-4, and Doc. 164-4.  The deposition testimony of Jessica Bybee appears at Doc. 154-4, Doc. 155-1, and Doc. 164-3.

was formed in order to manage various Get Air trampoline parks, including Get Air Tucson. (V. Iverson Dep. at 9:4-12; J. Goodell Dep. at 67:10-68:3.) However, Val Iverson and his family began expanding the Get Air business by opening and supporting parks in new locations prior to the creation of Get Air Management, LLC. The deposition testimony of Amy Iverson and Jacob Goodell shows significant confusion regarding whether support for new Get Air trampoline parks was performed on behalf of Get Air, LLC or Trampoline Parks, LLC prior to the formation of Get Air Management, LLC. For example, Amy Iverson testified: "I guess the confusion lies in that, in my mind, it was all the same thing. I worked for my father-in-law [Val Iverson], and he gave me some assignments and I did them." (A. Iverson Dep. at 85:21-24; *see also id.* at 90:2-12.)

Jacob Goodell—the son-in-law of Val Iverson—founded Get Air Tucson and took the employee handbook in use at Get Air Roy to the Tucson facility to supply to Get Air Tucson employees as part of their training. (J. Goodell Dep. at 15:18-19, 16:19-23, 25:19-21, 27:11-28:8, 34:6-35:6, 54:23-55:9.) The employee handbook was originally created for the Get Air Roy trampoline park, at the direction of Val Iverson, by an employee named Jessica Bybee. (J. Bybee Dep. at 14:12-14, 15:21-18:2.)[3] Amy Iverson later took over work on the handbook and revised it so that it could function as a generic employee handbook to be used in other then-existing and future Get Air trampoline parks. (A. Iverson Dep. at 22:19-24:6, 30:7-31:9, 55:11-56:14, 68:21-23; J. Goodell Dep. at 87:13-17; J. Bybee Dep. at 16:22-17:9, 21:17-20, 25:2-7, 30:12-17.) She did so at a time when she was working as an independent contractor for Trampoline Parks, LLC. (A. Iverson Dep. at 20:24-21:8, 22:19-24:6, 27:10-16.) Although she had no contract with Get Air, LLC and was paid by Trampoline Parks, LLC, she provided assistance as needed to Get Air, LLC on request from Val and Joan Iverson—the two owners of Get Air, LLC. (*Id.* at 22:6-23:12, 27:10-25, 39:1-23, 89:22-90:1.) Amy signed an affidavit

---

[3] The evidence indicates that Jessica Bybee drafted the portion of the handbook containing safety rules. (J. Bybee Dep. at 15:21-18:2.)

1 stating that she prepared the employee handbook as part of her work for Trampoline Parks, LLC (Doc. 97-1), but she testified at her deposition that she prepared the handbook for Get Air, LLC on request from Val and Joan Iverson.  (A. Iverson Dep. at 22:19-24:6, 27:21-28:3, 28:8-11.)  Specifically, she testified that Val and Joan Iverson asked her to revise the handbook so that it could be used in a larger capacity as the Get Air business expanded.  (*Id.* at 22:19-24:6.)

Jacob Goodell testified that an employee handbook created for Trampoline Parks, LLC would be very different than the handbook that he took to Get Air Tucson, because Trampoline Park, LLC was in the business of constructing—rather than operating—trampoline parks, and its employees were construction workers.  (J. Goodell Dep. at 28:13-29:19.)  Amy Iverson testified similarly that there was a separate employee handbook for Trampoline Parks, LLC, and that Trampoline Parks, LLC was in the business of building parks rather than running them.  (A. Iverson Dep. at 28:8-22, 59:13-16, 78:19-79:3; *see also* V. Iverson Dep. at 18:16-19:3 (testifying that Trampoline Parks, LLC designs and builds trampoline parks but does not operate them.)

Other evidence corroborates Amy's testimony that she revised the employee handbook on behalf of Get Air, LLC for use in other Get Air trampoline parks.  The handbook itself is titled "Get Air, LLC Employee Handbook,"[4] and although Amy Iverson testified that the name was a mistake and should have said "Get Air" instead of "Get Air, LLC" (A. Iverson Dep. 59:25-60:22), the name "Get Air, LLC Employee Handbook"—as well as language used in business plans and other documents created during the time period—supports a finding that the Iverson family used Get Air, LLC to support the expansion of the Get Air business prior to the creation of Get Air Management, LLC.

---

[4] Jessica Bybee put the title "Get Air, LLC Employee Handbook" on the original draft of the handbook, and no one discussed the accuracy of the title with her because she "made [the handbook] for the Roy park." (J. Bybee Dep. at 24:19-25.)  Amy Iverson testified that the handbook was not titled "Trampoline Parks, LLC" "[b]ecause Trampoline Parks is a different entity" that builds parks, whereas "Get Air ran the parks." (A. Iverson Dep. at 59:13-16.)

In short, there is a factual dispute regarding whether Amy Iverson prepared a generic employee handbook on behalf of Get Air, LLC or Trampoline Parks, LLC. While there is evidence indicating she created the handbook while working as an independent contractor for Trampoline Parks, LLC, there is also significant evidence supporting a finding that she created it on behalf of Get Air, LLC at the request of the owners of Get Air, LLC.  Judge Markovich appropriately resolved the factual dispute in Plaintiff's favor.  *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).[5]

**IT IS ORDERED** that Get Air, LLC's Objection (Doc. 164) is **overruled**, and Judge Markovich's Report and Recommendation (Doc. 158) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Get Air, LLC's Motion to Dismiss (Doc. 97) is **denied**.

Dated this 31st day of March, 2017.

_____
Honorable Rosemary Márquez
United States District Judge

---

[5] Plaintiff's Opposition to Defendant Get Air, LLC's Objections includes a request for an award of attorneys' fees and costs incurred in responding to Get Air, LLC's Motion to Dismiss and Objections.  (*See* Doc. 170 at 9.)  Plaintiff cites no authority in support of the request.  A motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).  A court may impose attorneys' fees as a sanction under its inherent powers only where a litigant has acted in bad faith or willful disobedience of court orders.  *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648-49 (9th Cir. 1997).  Plaintiff has not shown that Defendants' conduct rises to this level.  Plaintiff's request for an award of attorneys' fees and costs is denied.