**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Haines,<br><br>        Plaintiff,<br><br>v.<br><br>Get Air Tucson Incorporated, et al.,<br><br>        Defendants. | No. CV-15-00002-TUC-RM (EJM)<br><br>**ORDER** |

Pending before the Court is Defendant Get Air, LLC's ("Defendant" or "GALLC") Motion for Summary Judgment. (Doc. 238.) On August 2, 2018, Magistrate Judge Eric J. Markovich issued a Report and Recommendation (Doc. 266), recommending that the Motion for Summary Judgment be granted as to Plaintiff's punitive damages claim but otherwise denied. Defendant filed an Objection (Doc. 269), to which Plaintiff responded (Doc. 273).

**I.    Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a magistrate judge. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of the magistrate judge's "report or specified proposed findings or recommendations to which objection is made." *Id.* The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a

magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

**II.    GALLC's Objection to Judge Markovich's Report and Recommendation**

As previously found by this Court, Plaintiff has presented evidence that GALLC developed a generic employee handbook ("EH") for use in other Get Air trampoline parks as part of its support for the expansion of the Get Air business enterprise, and that the EH was used by Get Air Tucson. (*See* Doc. 158 at 12-14; Doc. 172 at 5.)[1] Plaintiff claims that his injuries were caused by allegedly deficient safety rules contained in the EH. (*See* Doc. 84 at 6, 10, 12-13.)  In its Motion for Summary Judgment, Defendant argues (1) it owed no duty to Plaintiff, (2) even if it owed a duty, it was not negligent because the EH prohibited the maneuver that led to Plaintiff's injuries, (3) it no longer has any potential legal liability because the employee involved in the creation of the EH was dismissed with prejudice; (4) Plaintiff cannot prove causation, and (5) Plaintiff's claim for punitive damages is factually unsupported. (Doc. 238 at 1-2.)

Judge Markovich recommended that Defendant's Motion for Summary Judgment be granted with respect to Plaintiff's punitive-damages claim. (Doc. 266 at 17.) Judge Markovich rejected Defendant's other arguments. He found that, as a result of "the special business-customer relationship that was created when GALLC performed an undertaking to develop the EH as part of its support work for the Get Air entities," GALLC owed Plaintiff a duty to exercise reasonable care in developing the safety rules in the EH. (*Id.* at 10.) Judge Markovich found that summary judgment on the issue of breach of the standard of care is precluded because there is a material factual dispute concerning whether the rule prohibiting somersaults in the EH was sufficient to prohibit

---

[1] Record citations refer to the page numbers generated by the Court's electronic filing system.

the flip maneuver attempted by Plaintiff. (*Id.* at 7-8.) Judge Markovich also found that the dismissal of Val Iverson does not preclude Plaintiff from pursuing this action against GALLC, because a stipulated dismissal with prejudice no longer operates as an adjudication on the merits under Arizona law, and because Plaintiff's claims are based on GALLC's own negligence and piercing the corporate veil rather than on vicarious liability. (*Id.* at 16.) Finally, Judge Markovich found that Defendant's causal-connection argument is "belied by other evidence previously considered by the Court." (*Id.* at 16-17.)

Defendant argues that Judge Markovich erred in finding that GALLC owed Plaintiff a duty, in finding a material factual dispute with respect to the issue of breach of the standard of care, and in finding that GALLC can be held liable despite the dismissal of Val Iverson. (Doc. 269 at 1-10.) GALLC's Objection to the Report and Recommendation does not address Judge Markovich's finding on causation. The parties do not object to Judge Markovich's finding that Plaintiff's punitive-damages claim is factually unsupported.

## III. Discussion

As no specific objections have been made to Judge Markovich's recommendations regarding Plaintiff's punitive-damages claim and Defendant's causation argument, the Court has reviewed those portions of the Report and Recommendation for clear error, and has found none. Accordingly, the Court will accept and adopt Judge Markovich's recommendation to grant Defendant's Motion for Summary Judgment with respect to Plaintiff's punitive damages claim and to deny the Motion for Summary Judgment to the extent it argues a lack of evidence of causation.

### A. Existence of Duty

"To establish a defendant's liability for a negligence claim, a plaintiff must prove: (1) a duty requiring the defendant to conform to a certain standard of care; (2) breach of that standard; (3) a causal connection between the breach and the resulting injury; and (4) actual damages." *Quiroz v. Alcoa Inc.*, 416 P.3d 824, 827-28 (Ariz. 2018). The

existence of a duty is determined by the Court as a matter of law. *See id.* at 828. A duty may "arise from a special relationship between the parties," including a special relationship finding its basis in "undertakings." *Stanley v. McCarver*, 92 P.3d 849, 851 (Ariz. 2004); *see also Quiroz*, 416 P.3d at 829.

Although there is evidence that the various Get Air enterprises were operated as a closely linked network, the Court does not find that Plaintiff and GALLC had a traditional business-customer relationship. However, even though there was no direct business-customer relationship, Plaintiff and GALLC nevertheless had a special relationship based on GALLC undertaking to create safety rules for other Get Air trampoline parks, which GALLC included in a generic EH developed as part of its support work for the Get Air entities. Imposition of a duty based on this special relationship is supported by Arizona case law as well as sections 323 and 324A of the Restatement (Second) of Torts.

In *McCarver*, the Arizona Supreme Court imposed a duty of reasonable care on a radiologist contracted by the plaintiff's employer to interpret an x-ray of the plaintiff's chest, despite the lack of a traditional doctor-patient relationship. 92 P.3d at 853. In imposing a duty, the Court analyzed "whether the doctor was in a unique position to prevent harm, the burden of preventing harm, whether the plaintiff relied upon the doctor's diagnosis or interpretation, the closeness of the connection between the defendant's conduct and the injury suffered, the degree of certainty that the plaintiff has suffered or will suffer harm, the skill or special reputation of the actors, and public policy." *Id.* Though the facts at issue in *McCarver* differ from those at issue in the present case, the factors supporting imposition of a duty in *McCarver* also support imposition of a duty here. By including safety rules in a generic EH developed for use in other Get Air parks, GALLC placed itself in a unique position to prevent harm to customers of those other Get Air parks. Get Air Tucson customers such as Plaintiff relied upon the safety rules developed by GALLC and enforced by Get Air Tucson. Plaintiff alleges that his injuries were caused by deficiencies in those safety rules. GALLC's

experience in the field of trampoline-park operations gave it special skill and a special reputation with respect to the creation of safety rules for other Get Air parks. Deficient safety rules increase the risk of harm to trampoline park customers, and the burden of developing sufficient safety rules is minimal.

The Court in *McCarver* also found that imposition of a duty in that case comported with Restatement (Second) of Torts § 324A. *See McCarver*, 92 P.3d at 853-54. Defendant argues in its Objection that Restatement (Second) of Torts § 324A "can appear to be the basis of the holding" in *McCarver* "but it is not." (Doc. 269 at 3.) The import of Defendant's argument is unclear. Whether it forms the basis of the holding in *McCarver* or not, Restatement (Second) of Torts § 324A has been adopted by Arizona courts. *See Tollenaar v. Chino Valley Sch. Dist.*, 945 P.2d 1310, 1312 (Ariz. App. 1997). Section 324A provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1965).

Restatement (Second) of Torts § 324A supports the existence of a duty in this case.[2] GALLC undertook to render services to Get Air Tucson (e.g., development of an

---

[2] Defendant argues that § 324A is no longer a permissible basis of duty in Arizona because it is based on foreseeability. (Doc. 269 at 8.) Defendant cites no authority in support of the proposition that Arizona courts no longer follow § 324A. (*See* Doc. 247 at 1-4; Doc. 269 at 8.) Arizona courts have rejected the concept of duty based on the creation of an unreasonable risk of harm to "a foreseeable plaintiff," meaning a plaintiff "who is within the orbit or zone of danger created by a defendant's conduct." *Quiroz*, 416 P.3d at 828 (internal quotation marks omitted). Here, however, GALLC owed a duty to Get Air customers based on the special relationship created as a result of GALLC undertaking to develop safety rules for the protection of those customers. The duty arises from the special relationship rather than "zone of danger" foreseeability. *See id.* at 829 (given the elimination of foreseeability from the duty framework, "the duty analysis" under Arizona law is limited to "common law special relationships or relationships created by public policy").

EH containing safety rules) which were necessary for the protection of Get Air Tucson's customers. Plaintiff alleges that GALLC failed to exercise reasonable care in the development of the EH's safety rules; if so, the failure increased the risk of harm to Get Air Tucson's customers. *See* Restatement (2d) of Torts § 324A(a) (1965). Furthermore, GALLC undertook to perform a duty—development of reasonable safety rules—which Get Air Tucson owed to its customers. *See id.* at § 324A(b). Plaintiff alleges he was injured as a result of his reliance upon the safety rules developed by GALLC and enforced by Get Air Tucson. *See id.* at § 324A(c).

Restatement (Second) of Torts § 323 has also been adopted by Arizona courts, *see Tollenaar*, 945 P.2d at 1312, and it also supports the existence of a duty here. Section 323 provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
> (a) his failure to exercise such care, increases the risk of such harm, or
> (b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (2d) of Torts § 323 (1965). GALLC's creation of safety rules was a service rendered not only to Get Air parks but to the customers of those parks, including Get Air Tucson customers.

The Court agrees with Judge Markovich that GALLC owed Plaintiff a duty to exercise reasonable care in the development of the safety rules contained in the generic EH supplied to Get Air Tucson.

**B. Breach**

The Court also agrees with Judge Markovich that there is a genuine issue of material fact precluding summary judgment on the issue of whether GALLC breached its duty to exercise reasonable care in the creation of the EH's safety rules. Specifically, there is a factual dispute regarding the definition of "somersault," as used in the EH's safety rules and, therefore, a dispute regarding whether the flip maneuver attempted by

Plaintiff was prohibited by the safety rules. The evidence identified by Plaintiff and Defendant indicates that there may be differing technical and layperson definitions of the term "somersault." Even if the maneuver attempted by Plaintiff falls within a technical definition of the term "somersault," as Defendant argues, Plaintiff has identified evidence showing that Get Air employees did not consider flips to be encompassed by the EH's safety rule prohibiting somersaults. (*See* Doc. 246 at 4-5; Doc. 246-1.) Accordingly, there is evidence from which a reasonable jury could find that the EH's safety rules were defective for not clearly prohibiting the flip maneuver that led to Plaintiff's injuries.

### C. Liability of GALLC

Defendant argues that the only act of negligence alleged by Plaintiff is GALLC's creation of allegedly defective safety rules, that Val Iverson was solely responsible for the creation of those safety rules, and that GALLC cannot be held vicariously liable for the conduct of Val Iverson because he has been dismissed with prejudice. However, as Judge Markovich found, Plaintiff is not asserting vicarious liability; rather, Plaintiff alleges that GALLC is independently negligent for undertaking to create a generic EH for use in other Get Air parks, including Get Air Tucson, and including allegedly deficient safety rules in that EH. The dismissal with prejudice of Val Iverson does not preclude Plaintiff from asserting a claim against GALLC for its own independent negligence, even if establishing the independent negligence of GALLC may require proof of Val Iverson's negligence. *See Kopp v. Physician Grp. of Ariz., Inc.*, 421 P.3d 149, 150 (Ariz. 2018).

**IT IS ORDERED** that Defendant's Objection (Doc. 269) is **overruled**, and Judge Markovich's Report and Recommendation (Doc. 266) is **accepted and adopted** as set forth above.

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 238) is **granted as to Plaintiff's punitive damages claim only and is otherwise denied**.

Dated this 19th day of October, 2018.

_____
Honorable Rosemary Márquez
United States District Judge