**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Haines,<br><br>          Plaintiff,<br><br>v.<br><br>Get Air LLC,<br><br>          Defendant. | No. CV-15-00002-TUC-RM (EJM)<br><br>**ORDER** |

    Pending before the Court is Plaintiff's Rule 60 Motion for Relief from Order. (Doc. 319.) In the Motion, Plaintiff asks the Court to reconsider its ruling on Defendant's Motion in Limine No. 2 re: Piercing the Corporate Veil. (*Id.*; *see also* Docs. 286, 318.) Plaintiff argues that the ruling conflicts with the Court's prior ruling on Defendant's Motion for Summary Judgment. (Doc. 319 at 1-2[1]; *see also* Docs. 238, 266, 276.)

    Defendant filed a Response, acknowledging that Local Rule of Civil Procedure 7.2(g) prohibits the filing of a response to a motion for reconsideration absent leave of Court, but explaining that Defendant was concerned not responding would risk waiver due to the labeling of Plaintiff's Motion as a Rule 60 Motion for Relief from Order. (Doc. 320 at 4-5.) Plaintiff later conceded that his Motion should have been labeled as a Motion for Reconsideration, and he sought leave of Court to file a Reply. (Doc. 322.) The Court granted leave for Plaintiff to file a Reply and for Defendant to file a Surreply. (Docs. 325, 326, 328.)

---

[1] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

## I. Background

On August 2, 2018, Magistrate Judge Eric J. Markovich issued a Report and Recommendation (Doc. 266), recommending that this court grant Defendant's Motion for Summary Judgment as to Plaintiff's punitive damages claim but otherwise deny the Motion. In the Report and Recommendation, Judge Markovich analyzed Defendant's argument that Get Air, LLC ("GALLC") could not be held liable for creating an allegedly defective employee handbook because Val Iverson was responsible for the creation of the handbook and he has been dismissed from this action. (*Id.* at 12-16.) Judge Markovich found that the dismissal of Val Iverson does not preclude Plaintiff from pursuing this action against GALLC. (*Id.* at 16.) Judge Markovich noted that the Arizona Supreme Court has overturned the principal relied on by Defendant that a stipulated dismissal with prejudice operates as an adjudication on the merits that a defendant was not negligent. (*Id.* at 14-15.) Judge Markovich further noted that Plaintiff is suing GALLC for its own negligence and has not asserted a vicarious-liability theory of negligence. (*Id.* at 13-16.) Finally, Judge Markovich noted that Plaintiff alleges that GALLC is the alter ego of Val Iverson and asserts piercing the corporate veil as a means of imposing liability to recover from Val Iverson personally for GALLC's negligence. (*Id.* at 13, 16.) Although Judge Markovich described Plaintiff's alter-ego allegations, he did not analyze the merit of those allegations.

On October 22, 2018, this Court adopted Judge Markovich's Report and Recommendation. (Doc. 276.) However, the Court did not adopt the Report and Recommendation in full; instead, it adopted it "as set forth" in this Court's own Order. (*Id.* at 7.) This Court's Order found that the dismissal with prejudice of Val Iverson does not preclude Plaintiff from asserting a claim against GALLC for its own independent negligence, even if establishing the independent negligence of GALLC may require proof of Val Iverson's negligence. (*Id.* (citing *Kopp v. Physician Grp. of Ariz., Inc.*, 421 P.3d 149, 150 (Ariz. 2018).) The Court did not analyze or even mention Plaintiff's piercing-the-corporate-veil theory, as Defendant's Motion for Summary Judgment did not address that issue.

On July 5, 2019, this Court issued an Order resolving several Motions in Limine, including Defendant's Motion in Limine No. 2 re: Piercing the Corporate Veil. (Doc. 318; *see also* Doc. 291.) The Court criticized Defendant for failing to raise its arguments concerning Plaintiff's piercing-the-corporate veil theory much earlier in the proceedings. (Doc. 318 at 7.) Nevertheless, the Court found that GALLC correctly argued that Plaintiff cannot assert that Val Iverson is personally liable as the alter ego of GALLC, because Val Iverson is no longer a defendant in this action. (*Id.*)

## II. Legal Standard[2]

Motions for reconsideration should be granted only in rare circumstances. *See Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration will ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

## III. Discussion

In his Motion, Plaintiff argues that the Court's ruling on Defendant's Motion in Limine No. 2 re: Piercing the Corporate veil conflicts with its prior ruling on Defendant's Motion for Summary Judgment, because the prior ruling "accepted and adopted" Judge Markovich's Report and Recommendation. Plaintiff avers that the analysis and reasoning of Judge Markovich's Report and Recommendation acknowledged that the dismissal of Val Iverson upon settlements that occurred in 2015 was purposely limited in scope. As

---

[2] Under Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Because Plaintiff and Defendant agree that Plaintiff's Motion should have been labeled as a motion for reconsideration rather than a Rule 60 motion, the Court will apply the legal standard applicable to motions for reconsideration rather than Rule 60 directly.

discussed above, Judge Markovich's Report and Recommendation noted that Plaintiff asserted piercing the corporate veil as a means of imposing liability against Val Iverson personally for GALLC's negligence. (Doc. 266 at 13, 16.) Judge Markovich also noted that the 2015 settlement between Plaintiff and various defendants was purposely limited so as to "dismiss[] with prejudice all claims against Val Iverson but specifically reserve[] independent claims against GALLC." (*Id.* at 15.) Judge Markovich did not analyze the substantive viability of Plaintiff's alter-ego allegations.

When this Court adopted Judge Markovich's Report and Recommendation, it did so "as set forth" in this Court's own October 22, 2018 Order, which did not discuss Plaintiff's alter-ego allegations. The Court's October 22, 2018 Order merely found that the dismissal with prejudice of Val Iverson does not preclude Plaintiff from asserting a claim against GALLC for GALLC's own independent negligence. (Doc. 276 at 7.) Accordingly, Plaintiff has not shown that the Court's ruling on Defendant's Motion in Limine No. 2 should be reconsidered on the basis that it is inconsistent with this Court's prior rulings.

In his Reply, Plaintiff asks that in the alternative the Court "correct the record to reflect that Mr. Iverson was released *with prejudice* in his individual capacity and as a member of all corporations, except for GALLC, and that he was dismissed *without prejudice* in his capacity as a member of GALLC." (Doc. 326 at 2.) Plaintiff argues that this was the intent of all parties, as illustrated by the parties' 2015 settlement documents, and that if the state court's judgment "had the effect of exonerating Val Iverson from liability that Plaintiff expressly intended to preserve . . . this was clearly in error and an unintended result." (*Id.* at 5.)

In its Surreply, Defendant argues that the settlement documents relied upon by Plaintiff are confidential, potentially privileged, and constitute inadmissible hearsay not disclosed during discovery. (Doc. 328 at 1.) Defendant further argues that Plaintiff is asking the Court to ignore the plain language of the state court's judgment of dismissal based upon speculation about the subjective beliefs of former parties who are not before

- 4 -

the Court and who "would clearly be entitled to participate in any action to modify the scope and effect" of the state-court judgment. (*Id.* at 3-4.) Defendant further argues that "[r]e-litigating a four-year old judgment from state court is patently inappropriate," particularly given that Plaintiff has "consistently failed to treat Mr. Iverson as a party" since the state-court judgment and has not previously suggested there was an error in that judgment. (*Id.* at 4-6.)

On June 1, 2015, pursuant to a stipulation by the parties, Pima County Superior Court Judge D. Douglas Metcalf dismissed various defendants with prejudice, including Val Iverson. (Doc. 239-25 at 2-3.) The case was later removed to federal court (Doc. 32), and after removal, Plaintiff obtained leave of Court to file a Third Amended Complaint (Docs. 83, 84). The Third Amended Complaint does not list Val Iverson as a defendant, though it nevertheless asserts alter-ego allegations against Val Iverson and other non-defendants. (Doc. 84 at 1, 17-18.) Even if this Court has authority to alter the state-court judgment—which Plaintiff has not established—the fact remains that the operative Complaint in this action does not list Val Iverson as a defendant. Because Val Iverson is not a defendant in this action, Plaintiff cannot obtain a judgment for personal liability against him in this action.

The Court expresses no view on the merits of any future action that Plaintiff may bring against Val Iverson under an alter-ego theory in the event that GALLC is found liable in this action and is unable to pay a resulting judgment. The Court notes that the language of the 2015 Memorandum of Settlement Agreement (Doc. 246-3) and Settlement Agreement (Doc. 246-2) indicate that Plaintiff did not intend to release claims alleging that Val Iverson is personally liable for actions of GALLC under an alter-ego theory.[3]

---

[3] On April 24, 2015, Plaintiff and various former defendants entered into a Memorandum of Settlement Agreement which specified:
> As to the past and current members of Defendant and as to the individual Defendants, the scope of Plaintiff's release is for all claims the Plaintiff has alleged or could have alleged except known or possible claims the Plaintiff has or may allege against any past or current member of Get Air, LLC for that individual's liability for Get Air, LLC.

(Doc. 246-3.) In May 2015, Plaintiff and the settling defendants signed a Settlement Agreement that similarly specified that Plaintiff released all claims he alleged or could have alleged against the settling defendants, including all past and current members of such

However, since Val Iverson is not a defendant in this action, the effect of the 2015 settlement documents, the propriety of court review of them, and their reconciliation with the state-court judgment are not issues that are ripe for decision.

Plaintiff has not shown that the Court's resolution of Defendant's Motion in Limine No. 2 re: Piercing the Corporate Veil was manifestly unjust or that the Court committed clear error. *See School Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263. Furthermore, Plaintiff has not identified any newly discovered evidence or intervening change in controlling law. *See id.* Accordingly, Plaintiff's Motion for Reconsideration will be denied.

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 319) is **denied**.

Dated this 26th day of August, 2019.

_____
Honorable Rosemary Márquez
United States District Judge

---

defendants, "with the sole exception of known or possible claims" he "may allege against past or current members of Get Air, LLC for those past or current members' individual liability for actions of Get Air, LLC (i.e., an 'alter ego' theory in the event Get Air, LLC is found liable but cannot satisfy a judgment)." (Doc. 246-2 at 1.)