**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Haines, | No. CV-15-00002-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Get Air LLC, | |
| Defendant. | |

Pending before the Court is Defendant Get Air LLC's ("GALLC") Motion to Bifurcate Trial. (Doc. 329.) The Motion is fully briefed. (Docs. 334, 336.) For the reasons that follow, the Motion will be partially granted as set forth below.[1]

**I.  Background**

The procedural history of the above-captioned matter dates back to January 2015; the Court will summarize only the portions of that history that are relevant to the pending Motion to Bifurcate.

Plaintiff Blake Haines alleges that on September 8, 2013, he suffered a catastrophic cervical injury resulting in paralysis while attempting a multiple flip into a foam pit at a Tucson, Arizona trampoline park known as Get Air Tucson. (Doc. 84 at 1-2, 4, 10.)[2] On March 1, 2016, GALLC moved for its dismissal from this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that

---

[1] The Court finds that the Motion is suitable for decision without oral argument.
[2] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

it is a Utah company, that it has conducted no business in Arizona, and that it was not involved in the design, construction, or operation of the trampoline park at which Plaintiff was injured. (Doc. 97.) On February 13, 2017, Magistrate Judge Eric J. Markovich issued a Report and Recommendation, recommending that this Court deny GALLC's Motion to Dismiss. (Doc. 158.) Judge Markovich found that Plaintiff had established a *prima facie* case of personal jurisdiction because there was evidence indicating that GALLC created a generic employee handbook for use at other Get Air trampoline parks and Plaintiff's claims arose from allegedly defective safety rules contained in that employee handbook. (*Id.* at 15-17) This Court adopted Judge Markovich's Report and Recommendation, finding that there was "a factual dispute regarding" whether the generic employee handbook had been created on behalf of GALLC or another company called Trampoline Parks, LLC, and that Judge Markovich had "appropriately resolved the factual dispute in Plaintiff's favor" for purposes of a Rule 12(b)(2) motion to dismiss resolved without an evidentiary hearing. (Doc. 172 at 6.)

GALLC thereafter moved for summary judgment (Doc. 238), and Judge Markovich issued a Report and Recommendation, recommending that summary judgment be granted as to Plaintiff's punitive damages claim but otherwise denied (Doc. 266). In adopting that Report and Recommendation, this Court found—in relevant part— that GALLC's "undertaking to create safety rules for other Get Air trampoline parks" in a generic employee handbook gave rise to a "duty to exercise reasonable care in the development of the safety rules" contained in that handbook. (Doc. 276 at 3-6.)

Motions in limine have been resolved and this action has been scheduled for a two-week jury trial commencing November 5, 2019. (Doc. 300; *see also* Docs. 318, 321.)

## II. Standard of Review

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, the Court may, "[f]or convenience, to avoid prejudice, or to expedite and economize . . . order a separate trial of one or more separate issues . . . ." Fed. R. Civ. P. 42(b). Rule 42 "confers broad

discretion" upon district courts, *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (internal quotation omitted), and clearly authorizes district courts "to separate trials into liability and damage phases," *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) (internal quotation omitted). Bifurcation is appropriate "to avoid the risk of prejudice," *Estate of Diaz*, 840 F.3d at 601, or to "permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues," *Jinro Am. Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 998 (9th Cir. 2001).

### III. Discussion

GALLC argues that bifurcation of the trial in this matter into separate liability and damage phases would prevent unfair prejudice to GALLC, promote judicial economy, and not result in any prejudice to Plaintiff. (Doc. 329 at 1.) GALLC argues that liability in this case is hotly contested and that the liability issues are "nuanced and complex," requiring the jury to determine (1) whether GALLC "tried to influence the safety protocols at a park in another state," (2) whether the employee monitoring the foam pits at the time of Plaintiff's injury would have attempted to prevent Plaintiff from performing a multiple flip had the employee handbook contained a prohibition on that maneuver; and (3) whether Plaintiff would have stopped before attempting the maneuver if the employee had intervened. (*Id.* at 2-3.) GALLC argues that "this extended liability analysis will be unfairly overshadowed" by detailed, lengthy, and emotional descriptions of Plaintiff's alleged damages, creating a substantial risk the jury will determine liability based on sympathy and emotion. (*Id.* at 3, 5-6.) GALLC further argues that Plaintiff's injury and damages "have absolutely nothing to do with liability" since GALLC admits that Plaintiff's injury was caused "by an unsuccessful triple flip maneuver." (*Id.* at 4-5.) Finally, GALLC argues that bifurcation will promote judicial economy because it may eliminate the need for extensive evidence and testimony concerning Plaintiff's injury and damages. (*Id.* at 7-8.)

In response, Plaintiff argues that none of the justifications for bifurcation exist in

this case, and that GALLC's Motion hinges upon inaccurately portraying "an enormous gap between the strength of liability and the severity of damages." (Doc. 334 at 1-2.) Plaintiff argues that his liability theory is easily understandable and that the jury will not be tasked with determining whether GALLC tried to influence the safety protocols at Get Air Tucson because that issue was already decided in the context of GALLC's jurisdictional challenge. (*Id.* at 2-3, 5-10.) Plaintiff also argues that issues of liability and injury are intertwined, as Plaintiff will present expert testimony that his injury is "the result of the very reason" why the employee handbook should have included a "rule against double or triple flips." (*Id.* at 2, 8.) Plaintiff also avers that multiple lay witnesses who will testify to his injury will also provide testimony establishing that he would have heeded a warning against performing multiple flips into the foam pits. (*Id.* at 8-9.) Plaintiff argues that bifurcation will not result in any savings in litigation costs, time, and judicial resources and that any risk of prejudice to GALLC can be mitigated with jury instructions. (*Id.* at 9-11.) Finally, Plaintiff argues that bifurcation would prejudice him by creating a subtle incentive for the jury to return a defense verdict if it is informed of the bifurcation, or by causing unfair surprise to the jury if it is not so informed. (*Id.* at 9, 11.)

In its Reply, GALLC argues that whether it or Trampoline Parks, LLC prepared a generic employee handbook for wider dissemination to other Get Air trampoline parks is a disputed issue of material fact, and that the Court's summary judgment finding on the existence of a duty did not take that disputed preliminary factual issue from the jury. (Doc. 336 at 5-8.) GALLC also continues to argue that other liability issues—including whether the Get Air Tucson employee monitoring the foam pits at the time of Plaintiff's injury would have enforced a rule against multiple flips if the employee handbook had contained one—are hotly contested. (*Id.* at 8-10.) GALLC maintains that this action is a classic case for bifurcation because Plaintiff's damages are severe, the liability evidence is wholly separate from the emotionally charged evidence of damages, and jury instructions will be ineffective in preventing unfair prejudice to GALLC. (*Id.* at 2-3.)

### A. Preliminary Matters

Before turning to the merits of GALLC's Motion for Bifurcation, the Court addresses the implications of its prior rulings on GALLC's Rule 12(b)(2) Motion to Dismiss and GALLC's Motion for Summary Judgment. The Court clarifies that the jurisdictional facts in this case were *not* conclusively determined in the context of GALLC's Rule 12(b)(2) Motion to Dismiss. When such a motion is decided without an evidentiary hearing—as was the case here—the Plaintiff is required only to make a *prima facie* case of personal jurisdiction, and all factual disputes are resolved in the Plaintiff's favor. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). If a Rule 12(b)(2) motion is denied, the plaintiff must later establish the jurisdictional facts by a preponderance of the evidence at a preliminary hearing or at trial. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Thus, whether GALLC created a generic employee handbook for use in other Get Air trampoline parks—making its use in Tucson reasonably foreseeable—remains a disputed factual issue for the jury to determine at trial. The Court's October 19, 2018 Order denying GALLC's Motion for Summary Judgment should not be read as removing this disputed factual issue from the jury's consideration. Although the existence of a duty is determined by the Court as a matter of law, it may hinge on preliminary factual questions that must be determined by the trier of fact. *See Quiroz v. Alcoa Inc.*, 416 P.3d 824, 828 (Ariz. 2018); *Estate of Maudsley v. Meta Servs., Inc.*, 258 P.3d 248, 255 (Ariz. App. 2011). In accordance with the Court's summary-judgment Order, the jury will be instructed at trial that, if it finds that GALLC created a generic employee handbook for use in other Get Air trampoline parks, then GALLC had a duty to exercise reasonable care in the development of safety rules contained in the employee handbook.

### B. Bifurcation

The Court finds that bifurcation is appropriate here given its potential to save litigation costs, time, and judicial resources. The trial in this case is anticipated to involve extensive evidence and testimony concerning damages. The need for the

presentation of such evidence and testimony may be eliminated if the issues of liability and damages are tried separately.

Bifurcation is also appropriate to avoid the risk of prejudice. Given Plaintiff's extensive damages evidence—including the anticipated emotional testimony concerning his life before and after his injury—there is a possibility that, absent bifurcation, even a properly instructed jury will decide issues of liability not on the merits but out of sympathy for Plaintiff. Accordingly, trying the issues of liability and damages together poses a risk of unfair prejudice to GALLC. That risk outweighs any minimal risk that bifurcation into liability and damage phases would cause to Plaintiff.

The liability issues in this case are separate and distinct from issues concerning the amount of damages, such as Plaintiff's past, present, and future medical costs; Plaintiff's lost earning capacity; Plaintiff's quality of life before and after his injury, and Plaintiff's pain and suffering. However, the liability issues are not entirely separate from Plaintiff's injury itself. To establish GALLC's negligence, Plaintiff must prove that GALLC failed to exercise reasonable care by creating a generic employee handbook that omitted a rule prohibiting multiple flips into the foam pits, and that GALLC's conduct caused Plaintiff's injury. To that end, Plaintiff intends to present expert testimony that injuries such as the one Plaintiff sustained are the very reason why reasonable safety rules prohibit multiple flips into foam pits. A jury deciding liability should, in fairness, be informed of the *type* of injury sustained by Plaintiff when he attempted a triple flip into the foam pit at the Get Air Tucson trampoline park. Accordingly, Plaintiff may present testimony and evidence during the liability phase of the trial in this matter concerning the type of injury that he sustained at Get Air Tucson. However, testimony and evidence relevant only to the *amount* of Plaintiff's damages shall be reserved for the damage phase of the trial. Although testimony and evidence during the liability phase of the trial concerning the type of Plaintiff's injury poses some risk of prejudice to GALLC, that risk is significantly less than the risk of prejudice inherent in the presentation of extensive testimony and evidence concerning the amount of Plaintiff's damages. Any prejudice resulting from

informing the jury of the type of injury during the liability phase can be adequately alleviated with proper jury instructions.

**IT IS ORDERED** that Defendant Get Air, LLC's Motion to Bifurcate (Doc. 329) is **partially granted**, as set forth above. Trial in the above-captioned matter will be bifurcated into liability and damage phases, as described above.

Dated this 25th day of September, 2019.

_____
Honorable Rosemary Márquez
United States District Judge